UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06-0023 (EGS) |
| v. | : | |
| DENSEALEAN LEFTWICH, | : | |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, the government does not oppose a sentence of probation in this case.

**I.    BACKGROUND**

On March 14, 2006, the defendant, Densealean Leftwich, pled guilty to a one-count felony Information charging her with violations of 18 U.S.C. § 371; 287; and 2 (Conspiracy to Commit False, Fictitious or Fraudulent Claims). During her plea colloquy, the defendant admitted that between January 1, 2002 and August 1, 2004, she conspired with a co-worker, Sharon Rudd[1] (co-defendant herein), to defraud her employer, the United States Department of Agriculture ("USDA"), of $29,500.

From January 1, 2002 through August 1, 2004, the defendant was assigned to the USDA's Farm Service Agency's Management Services Division ("MSD") in the District of Columbia, where she worked as a Secretary and authorized timekeeper in the Acquisition Management Branch. As the authorized time keeper, the defendant was responsible for

---

[1] Ms. Rudd was sentenced to a term of probation for her involvement in this case on May before this Court.

collecting time and attendance forms from employees, submitting them to supervisors for review, and electronically transmitting the completed forms to the USDA's National Finance Center ("NFC") – the entity responsible for issuing paychecks to U.S. government employees.

While employed at the FSA, the defendant conspired with the co-defendant to knowingly make and present false time and attendance forms to the NFC, constituting claims against the United States, for payment of overtime hours that the co-defendant never worked.

In furtherance of the conspiracy, in early 2002, the defendant and co-defendant discussed a way to earn extra money by altering the co-defendant's time and attendance forms to reflect additional overtime hours that the co-defendant had not worked. They agreed that the co-defendant would pay the defendant $200 each time the defendant altered and submitted the co-defendant's time and attendance forms to the NFC.

Also in furtherance of the conspiracy, the defendant and co-defendant agreed that the defendant would initially submit the co-defendant's time and attendance forms to the co-defendant's supervisor, and that once the supervisor approved the accurate time and attendance forms, the defendant would alter them by augmenting the number of overtime hours the co-defendant actually worked. The defendant would then submit electronically to the NFC, the altered versions of the co-defendant's time and attendance forms, resulting in the co-defendant being paid for overtime hours she never worked.

In furtherance of the above described conspiracy and in order to carry out the objects thereof, the defendant and the co-defendant committed the following overt acts, among others:

(1) On or about July 15, 2002, the defendant and the co-defendant knowingly created and submitted to the NFC, a false claim, that is a time and attendance form on behalf of the co-defendant reflecting that the co-defendant had worked 45 hours of overtime that she had in fact never worked. The co-defendant received $1,188.00 in compensation that she was not entitled to

as a result of this false claim. The co-defendant then paid $200.00 of these monies to the defendant.

(2) On or about September 22, 2003, the defendant and the co-defendant knowingly created and submitted to the NFC, a false claim, that is a time and attendance form on behalf of the co-defendant reflecting that the co-defendant had worked 40 hours of overtime that she had in fact never worked. The co-defendant received $1,101.20 in compensation that she was not entitled to as a result of this false claim. The co-defendant then paid $200.00 of these monies to the defendant.

(3) On or about May 12, 2004, the defendant and the co-defendant knowingly created and submitted to the NFC, a false claim, that is a time and attendance form on behalf of the co-defendant reflecting that the co-defendant had worked 40 hours of overtime that she had in fact never worked. The co-defendant received $1,149.20 in compensation that she was not entitled to as a result of this false claim. The co-defendant then paid $200.00 of these monies to the defendant.

As a result of the conspiracy, the co-defendant received $29,500 for in excess of 1000 overtime hours that she never worked and the defendant received $200.00 for each of the 30 pay periods that she agreed to alter the co-defendant's time and attendance form. The defendant knew the claims she submitted to the NFC on behalf of the co-defendant were false because she knew that the co-defendant never worked the overtime hours for which she claimed and received compensation and thus had no right to be paid for these hours.

On December 10, 2004, the defendant admitted to investigators that she had conspired with the co-defendant to submit to the NFC, overtime hours on behalf of the co-defendant even though the defendant knew the co-defendant had never worked these hours. The defendant also

admitted that she had received $200.00 per pay period from the co-defendant each time she entered overtime hours that the co-defendant had not worked.

**II.     SENTENCING CALCULATION**

    A.  Statutory Maxima

The maximum sentence for Conspiracy to Commit False, Fictitious or Fraudulent Claims pursuant to 18 U.S.C. § 371; 287; and 2, is five years confinement.  The maximum fine is $250,000.

    B.  Sentencing Guidelines Calculation

The Pre-Sentence Report (hereinafter "PSR") calculates the offense level under the United States Sentencing Guidelines at 8.  See PSR ¶ 30.  This includes the base offense level of six pursuant to U.S.S.G. §§ 2X1.1 and 2B1.1(a)(2), a four-level enhancement for "loss" amount between $10,000 and $30,000 pursuant to U.S.S.G. § 2B1.1(b)(1)( C); and a two-level decrease for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1(a).  See PSR ¶ 29.  Under the United States Sentencing Guidelines, the applicable sentencing range for an offense level of eight is zero to six months within Zone A.

The PSR writer does not find factors indicating that a departure from the prescribed sentencing guidelines is warranted.  See PSR ¶ 79. For the reasons set forth, infra § III of this Memorandum, the government respectfully notes that it does not oppose the lowest sentence authorized by the guidelines, which is probation in this case.  Further, the government respectfully requests that the Court order the defendant to perform community service and to make restitution to the United States Department of Agriculture.

### III. GOVERNMENT'S SENTENCING RECOMMENDATION

In determining the appropriate sentence, the Court "shall consider....the need for the sentence imposed ....to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The Court must also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(D).

In this case, the defendant admitted her conduct to the agents investigating the case, agreed to an early plea of guilty, and has expressed remorse for her actions. Moreover, the defendant has no prior arrests or convictions and has promised to make restitution to the United States Department of Agriculture. In light of these factors, the government does not oppose a sentence of probation in this case. However, the government requests that the Court order the defendant to perform a period of community service in order to re-pay the community for her conduct, which was in violation of the public's trust.

### IV. RESTITUTION

As the PSR states, the Court shall order full restitution to the victims without consideration of the economic circumstances of the defendant. See PSR ¶ 62, citing 18 U.S.C. § 3664(f)(1)(A). As such, the government requests that the Court order that the defendant make restitution in the amount of $6,000 to the United States Department of Agriculture, which represents the amount of money the defendant obtained as a result of her fraudulent actions.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully notes that it does not oppose a sentence of probation in this case. Further, the government respectfully requests that the Court order the defendant to perform community service and to make restitution to the United States Department of Agriculture.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____
Kim A. Herd, D.C. Bar No. 461615
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-9370

## **CERTIFICATE OF SERVICE**

     I HEREBY certify that a copy of the foregoing Motion was served via electronic filing this 18th day of July 2006 on Ms. Danielle Jahn, Assistant Federal Public Defender; 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004.

                                                                                               _____
                                                                                               KIM A. HERD
                                                                                               Assistant United States Attorney