UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Cr. No. 06-023 (EGS) |
| : | |
| **DENSEALEAN LEFTWICH,** : | |
| : | |
| **Defendant** : | |

**SENTENCING MEMORANDUM**

On March 14, 2006, Ms. Densealean Leftwich, the defendant, pled guilty to a one count Information charging her with Conspiracy to Commit False, Fictitious, and Fraudulent Claims, in violation of U.S.C. § 371; 287; and 2. She will appear before this Honorable Court for sentencing on July 26, 2006. Ms. Leftwich, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

**Background**

Ms. Leftwich has been a life-long resident of the metropolitan, Washington, D.C. area. Ms. Leftwich shares a close relationship with her family, including her mother, her two brothers, her sister, and her daughters - ages seventeen and fourteen. She is the primary provider for her children, although she does receive some financial support from her daughters' father. This is the first time Ms. Leftwich has ever been involved in the criminal justice system.

When Ms. Leftwich was first confronted by investigators in December 2004, without the advice of an attorney, she was completely cooperative, candid, and remorseful for her actions. She met with the investigators on her own free will and has continued to be cooperative with the investigation of this case. Further, Ms. Leftwich has admitted her conduct not only to the

investigators, prosecutor, and pre-sentence report writer in this case but she has also taken steps to apologize to her supervisors at the Department of Agriculture. Her candid admissions early on in this investigation were clearly instrumental to the government's prosecution of Sharon Rudd,[1] the mastermind of this fraudulent activity.

### Argument

The Pre-Sentence Report calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") as a range of 0 to 6 months within Zone A. See PSR, ¶ 62, pg. 11. Accordingly, a sentence of probation is authorized pursuant to U.S.S.G. § 5B1.1(a)(1). Therefore, Ms. Leftwich requests that she be given a sentence of probation.

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. The factors identified in 18 U.S.C. § 3553(a) support Ms. Leftwich's request that she be sentenced to a term of probation. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

---

[1] On May 2, 2006, Sharon Rudd was sentenced by this Court to a term of two years probation, restitution in the amount of $23,500.00 and a special assessment of $100.00.

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence of probation would be warranted in this matter, and that a sentence of imprisonment within the Guideline range would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2). The Court should consider Ms. Leftwich's family history, employment history, no criminal history, her candid admissions regarding the instant offense, as well as various emotional challenges that Ms. Leftwich has faced in her life. Further, the Court should consider the sum of restitution in this case. If Ms. Leftwich is given a term of incarceration she will be unable to provide restitution in a timely fashion - if at all. The need to provide restitution

to the victims in this case shall be considered by this Court pursuant to § 3553 (a)(7) in determining an appropriate sentence for Ms. Leftwich.

Sentencing Ms. Leftwich to a term of probation is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Ms. Leftwich with needed educational or vocational training and medical care" while also allowing Ms. Leftwich to repay the victims in this case for her wrongdoing. See 18 U.S.C. § 3553(a).

## Conclusion

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Ms. Leftwich respectfully submits that a sentence of probation is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

\_\_/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C.  20004
(202) 208-7500